Jenkins v. Grant Company, et al.

[No. 1161, February 28, 1910.]

JOHN JENKINS, Plaintiff in Error, v. THE MAX-
WELL LAND GRANT COMPANY, et al., Defend-
ants in Error.

SYLLABUS.

1. An appellate court will not disturb the verdict of the
jury or the findings of fact made by a trial court on the
ground that it is against the preponderance of evidence.

2. Evidence held insufficient to establish the contents
of a lost instrument.

3. An instrument termed an "Improvement Contract",
held to have conveyed all improvements on land claimed on
the ground of continued adverse possession.

4. Grazing of stock in this country has no value as evi-
dence of practical location.

5. To constitute adverse possession the occupancy of
one so claiming must be (1) actual, (2) visible, (3) exclusive,
(4) hostile, and (5) continuous. If any of these elements is
lacking no title by adverse possession can ripen.

6. The possession of all but a relatively insignificant
part of this large area was constructive and not actual and
such constructive possession was ineffectual against the true
owner.

7. The law adjudges the seisin of all that is not in
the actual occupancy of the adverse party to him who has
the better title.

8. Possession held not to have been exclusive.

9. Possession held not to have been hostile.

Error to the District Court for Colfax County before
W. J. MILLS, Chief Justice. Affirmed.

A. C. VOORHEES for Plaintiff in Error.

When one enters on land, claiming a right to it, and

gains a seisin by such entry, the seisin shall extend to the whole tract which he claims. Kennebec Purchase v. Springer, 4 Mass. 416, 3 Am. Dec. 227; Wright v. Mattison, 18 How. 50-60; Hall v. Law, 120 U. S. 466; Pillow v. Roberts, 13 How. 472; Elicot v. Pearl, 10 Pet. 412.

One positive witness' testimony is worth more than a dozen negative. Moore on Facts, vol. 2 p. 1331; Patterson v. Gaines, 6 H. 550, 589; Brockway v. Mutual Ben. L. Ins. Co., 9 Fed. Rep. 249, 253; U. S. v. Rycraft, 27 Fed. Cas. No. 16211, at p. 922; Gaines v. New Orleans, 6 Wall. 642, 704; Rhodes v. U. S., 79 Fed. Rep. 740, 743; Au v. New York, etc. R. Co., 29 Fed. Rep. 72.

Where by adverse possession one has gained title in fee, payment of rent by him for two years to the person holding the paper title will not defeat the title already gained. Riggs v. Riley, 113 Ind. 208.

One holding the superior title can not set up his ignorance of the claim of right under which his land was occupied by an adverse claimant. Bronson v. Scanlon, 59 Tex. 222.

If the occupant resides upon the land, claiming it as his own, making such use of it as it is susceptible of, and appropriating the products thereof to his own exclusive use, and does not recognize the right of any other person to the use for any purpose without his consent and by his authority, that is an exclusive possession. Ewing v. Burnett, 11 Pet. 41; Whitney v. U. S., 167 U. S. 529; Bergere v. U. S., 168 U. S. 66; Florida Southern Ry. Co. v. Loring, 51 Fed. 932; Goodson v. Brothers, 111 Ala. 589; Murray v. Hudson, 65 Mich. 670; Glencoe v. Wadworth, 48 Minn. 402; Jacksonville etc. Ry. Co. v. Oyler, 82 Ind. 394; Dixon v. Bales, 61 Pac. 403; Davis v. Young, 2 Dana 299; Alden v. Gilmore, 13 Me. 178; Ntl. Min. Co. v. Powers, 3 Mont. 344; Murray v. Romine, 82 N. W. 318; Folk v. Bond, 41 N. J. L. 527; Pearsall v. Westcott, 45 N. Y. App. Div. 34; Wolf v. Ament, 1 Grant 150; Texas, etc. Ry. Co. v. Maynard, 51 S. W. 255; Flint v. Long, 12 Wash. 342.

Adverse possession for the statutory period not only bars the remedy of the holder of the paper title, but extinguishes his title and vests title in fee in the adverse

occupants. Maxwell Land Grant Co. v. Dawson, 151 U. S., 566; Probst v. The Domestic Missions, 129 U. S. 132; Pueblo Nambe v. Romero, 61 Pac. 122; Solomon v. Yrisarri, 9 N. M. 420.

To constitute adverse possession there need not be a fence, a building or other improvements made. Ewing v. Burnett, 11 Pet. 41; Ellicott v. Pearl, 10 Pet. 412; Nelson v. Davidson, 160 Ill. 245; Alexander v. Pendleton, 83 Cranch. 462.; Fanning v. Wilcox, 3 Day, 258; Smith v. Canton, 21 Conn. 531; Shannon v. Kinney, 1 A. K. Marsh 3; Chilton v. Wilson's Heirs, 9 Humph. 399; Cunningham v. Patton, 6 Bar 355; Sheetz v. Fitzwater, 5 Ib. 126; Overfield v. Christie, 7 Serg. & R. 137; Johnson v. Nash's Heirs, 15 Tex. 419.

It is immaterial whether title be valid or not, provided the entry made be bona fide under that title. Erdman v. Corse, 87 Md. 506; Murphy v. Doyle, 37 Minn. 113; Ewing v. Burnett, 11 Pet. 41; Ellicott v. Pearl, 10 Pet. 412; Ill. Steel Co. v. Bilot, 109 Wis. 418, 85 N. W. 402; 83 Am. St. Rep. 905; Humbert v. Trinity Church, 24 Wend. 587; Barnes v. Light, 116 N. Y. 34; Hall v. McElhaney, 69 P. St. 309; Gillispie v. Jones, 26 Tex. 543; Black v. Tenn. C. & I. R. Co., 93 Ala. 109; Hammond v. Crosby, 68 Ga. 767; Murray v. Doyle, 92 Ala. 599; Quindaro Township v. Squire, 51 Fed. 502; Omaha Land & Trust Co. v. Hanson, 32 Neb. 449; Florida Southern Ry. Co. v. Loring, 51 Fed. 932; Langtry v. Parker, 55 N. W. 962; Connor v. Sullivan, 40 Conn. 26; Robison vs. Sweet, 3 Me. 316; Hood v. Hood, 25 Pa. St. 417; Barros v. Gallup, 32 Conn. 493; and numerous authorities cited in Cyc. L. & P. 1010, note 32; Moore v. Green, 19 How. 69; Doe v. Reynolds, 27 Ala. 364; Langford v. Poppe, 56 Cal. 73; Bowell v. Little Guarantee Co., 27 Ore. 77; Workman v. Guthrie, 29 Pa. St. 495; Bullock v. Smith. 72 Tex. 545; Fuller v. Fletcher, 44 Fed. 34; Armstrong v. Morrill, 14 Wall. 20; Downing v. Mayes, 153 Ill. 330; Lewis v. N. Y. Hudson River Co., 162 N. Y. 202; Harpending v. Ref. Prot. Dutch Church, 16 Pet. 455; School Dist. v. Benson, 31 Me. 381; Dean v. Goddard, 55 Min. 290, 56 N. W. 1060; Heinricks v. Terrell, 65 Iowa 25; 21 N. W. 171;

Simpson v. Eckstein, 22 Cal. 580; Allen v. Mansfied, 82
Mo. 688; Cummings v. Powell, 16 Mo. App. 559; Sher-
man v. Kane, 86 N. Y. 57; Spiess v. Rome, etc. R. Co., 15
N. Y. Sup. 348; Hughes v. Groves, 39 Vt. 359; Cannon
v. Stockman, 36 Cal. 535; Chilis v. Davis, 58 Ill. 411;
Chritenburg v. King, 85 N. C. 229; Byees v. Shanpler, 7
Atl. 182; Austin v. Baily, 37 Vt. 219; Wash. Real Prop.,
vol. 3, 164; Todd v. Huafmab, 19 D. C. 304; Langtry v.
Parker, 55 N. W. 962; Young v. Withers, 2 Dana 165;
Robison v. Sweet, 3 Me. 316; Bowen v. Guild, 180 Mass.
121; Johnson v. Fitzgeorge, 50 N. J. L. 407; Jackson v.
Schoonmaker, 4 Johns. 399; Ranson v. Lewis, 63 N. C.
43; Hood v. Hood, 25 Pa. St. 417; Miller v. Snow, 7 Serg.
& R. 129; New Shoreham v. Ball, 14 R. I. 566; St. Croix
Land, etc. Co. v. Ritchie, 78 Wis. 492; 42 N. W. 657.

Where the evidence shows that the maker of a deed
is illiterate and unable to read, the burden of proof is upon
the grantees or claimants of the benefits under said deed to
show fairness in the transaction. Worcester v. Eaton,
13 Mass. 371, 7 A. M. D. 155; Franklin v. Kelley, 2 Neb.
79; Staley v. Housell, 52 N. W. 888; Hovark v. Hablik,
95 N. W. 990; C. L. 1897, secs. 3939, 3942.

No title passes by an unacknowledged deed. C. L.
1897, sec. 3943; Smith v. Hunt, 13 Ohio 260, 268; Nevis
v. Munson, 108 N. Y. 435; Chamberlain v. Spragg, 86 N.
Y. 603; Black v. Vaughn, 70 Tex. 47; Thomas v. Thomas,
10 Ind. 123'; Pfeifer v. Bernard, 88 N. C. 333; Devlin on
Deeds, sec. 466; Wood v. Owings, 1 Cranch 239.

If an ignorant man is induced to sign a deed, believ-
ing it to be another instrument, then the deed has no other
effect than a forgery; and especially when he made re-
quest to have the instrument read, but the request not
complied with but represented to him that it was only a
bill of sale of the old improvements. Dev. on Deeds,
secs. 228, 229 and 230; Jackson v. Hayner, 12 Johns 469;
McGinn v. Tobey, 62 Mich. 252; Brummond et ux v.
Krause, et al., 80 N. W. 636.

When the right of property and possession unite
in the same person, a conveyance could only be made by
feoffment and livery of seizin. Runyon v. Smith, 18 Fed.

579; Porte v. Perkins, 5 Mass. 236; Warren v. Childs, 11 Mass. 222; Bennett v. Irwin, 3 Johns 366; Washburn Real Property, 356-359.

Defendant's paper title, having been barred by the Statute of Limitations, was inadmissible in evidence. Chapman v. Del. Lackawanna & W. R. R. Co., 3 Lang, 261; Thompson v. Wheatley, 5 Sm. & M. 499; Mather v. Hutchison, 25 Wis. 25; Staley v. Housel, 52 N. W. 888; Arrington v. Liscom, 34 Cal. 365; Anderson v. Fisk, 36 Cal. 632.

A title once acquired by adverse possession can not be conveyed by parole abandonment or relinquishment, but must be transferred by deed. Washburn Real Property, vol. 3, 164; 1 Cyc. L. & B. 1139; Parkham v. Dudman, 66 Ark. 36; School Dist v. Benson, 31 Me. 381; Sage v. Rudnick, 67 Minn. 362; Allen v. Mansfield, 33 Mo. 688; Byers v. Shepler, 7 Atl. 182; Austin v. Bailey, 37 Ver. 219; Jones v. Hughes, 16 Atl. 849.

CHARLES A. SPIESS for Defendants in Error.

An appellate court will not disturb the verdict of the jury or the findings of fact made by a trial court on the ground that it is against the preponderance of evidence. De Baca v. Pueblo of Santo Domingo, 10 N. M. 38; Torlina v. Trorlicht, 5 N. M. 148; Newcomb v. White, 5 N. M. 435; Trorlina v. Trorlicht, 6 N. M. 54.

An acknowledgment is not essential to the validity of a deed.

### OPINION OF THE COURT.

COOLEY, J.—Mr. Justice McFie, who tried this case in the District Court, prepared an opinion in which the testimony was carefully analyzed and the law applicable to the case was clearly stated. In view of that fact we do not consider it necessary to do more than review the evidence generally and outline the reasons why, in our opinion the judgment must be affirmed.

This is an action in ejectment. It is admitted that the property in controversy is situated within the exterior

limits of the Maxwell Land Grant, but the plaintiff in error, who was also the plaintiff below, bases his alleged title on the adverse possession of the land by himself and his predecessors in title from 1873 to 1900.. A jury was waived and the case was tried by the court. Sixteen findings of facts were made by the presiding judge, each one of which is assigned as error in the bill of exceptions. We think that there was evidence to sustain each finding and that the exceptions are not well taken. Without expressing any opinion on the weight of the evidence in the case at bar, we re-affirm the universal rule that an appellate court will not disturb the verdict of a jury or the findings of fact made by a trial court on the ground that it is against the preponderance of evidence.

The plaintiff's claim was to some six thousand acres of land lying within the exterior boundaries of a tract the record title to which was conceded to be in the defendant. The plaintiff alleged, however, that Robert Dillon through whom he claimed was in actual, open, notorious, exclusive, uninterrupted and hostile occupation from 1872 or 1873 to 1878 or 1879; that about 1878 or 1879 the land was sold by him to James Runyan and Thomas Boyd, who in turn deeded it to the plaintiff in 1882 by an instrument which was subsequently lost. The testimony offered to prove the contents of this deed fell far short of the evidence required to establish the contents of a lost instrument. The only description of the contents was contained in the following testimony of the plaintiff:

"Well, it was a paper about a foot long and ten inches wide, taken out of a book and it stated something like this: I don't remember very well; I have this day sold to John Jenkins my right and title, or something like that, or quit claim deed, to the tract of land, mentioning the main mounds and every mound on it. And then at the bottom of the first was, transferred from Dillon to Boyd and Runyan, and all the three names were on it."

Nothing could well be vaguer or more uncertain than the description of the land alleged to have been conveyed,

and there is no evidence whatever that the deed was ever acknowledged or recorded.

It is admitted that there was never at any time any enclosure of any kind around the land, nor was there anything to put the defendant upon notice of the extent of the plaintiff's claim. The plaintiff occupied a house and was in possession of a few acres of land immediately adjacent to the house. The trial judge was of opinion that as to this small tract there was a possession sufficiently adverse to amount to an ouster of the true owner, but even as to this it appears that by an instrument termed an "Improvement Contract" the plaintiff conveyed all his improvements on the land. The instrument also contained the following:

"And he (the plaintiff) also hereby positively declares and states that he does not occupy any other lands or improvements nor that he claims any rights or interests in or to any other lands, premises or improvements situated or embraced within the Beaubien and Miranda or Maxwell Grant.

"And the said John Jenkins in further consideration of the said sum of money, so as aforesaid paid to him, does hereby on this day give possession to, and does hereby release, convey, and quit-claim unto the said trustees all his right, title and interest in and to the lands embraced within the Beaubien and Miranda Grant as patented by the United States, by letters patent dated May 19th, 1879, and all improvements on the same or any part thereof; and he also hereby covenants and agrees to and with the said trustees that he will not hereafter, in any manner, trespass upon, nor occupy nor locate upon any portion said grant, except under rights derived by purchase or contract from the Maxwell Land Grant Company or those deriving title through it."

On the plaintiff's behalf it was urged that his signature to this instrument was obtained by fraud, but the trial court found otherwise and we are not disposed to disturb that finding.

The plaintiff laid great stress upon the contention that during the entire period of his occupancy his cattle

ranged over this tract, but the court found that during the same period cattle belonging to the defendant company and to an organization known as the Sugarite Cattle Outfit as well as to other persons also grazed on this range. On this point the Supreme Court of the United States has said: (Bergere v. U. S., 168 U. S. 66, 79).

"In regard to proof of the fact of pasturing cattle as evidence of an adverse possession upon which to base a claim of title, we have held that such fact is of very slight weight when applied to cases arising under alleged grants of land of the nature of the one under consideration. In the case of Whitney v. United States, already above cited, 167 U. S. 529, 546, this court said, speaking through Mr. Justice Brown, as follows:

"The claimant also relies upon a long continued adverse possession of this land, maintained for nearly 170 years from the date of the grant, and nearly eighty years from the date of the testimonial issued by the alcalde mayor, de Baca. Had it been shown that this possession was complete, adverse and undisputed during the whole life of this grant, such possession would probably be regarded as complete evidence of title. Nor are we disposed to deny that the fact that the Luceros and their descendants pastured stock upon these lands is . evidence of such possession, but in order to make it of any particular weight it should be shown to have been exclusive, and that no other person pastured or had the same right to pasture upon these lands. The proceedings in the case first above mentioned, of the intrusion of the Romeros, indicate the lands to have been held in common, and to have been subject to pasture by the Indians and other residents of that neighborhood. Under such circumstances, it should be made to appear that the rights of Lucero and his descendants were exclusive in this particular. In addition to this, however, it is a fact so notorious that we may take judicial notice of it, that mere pasturage upon these western lands is very slight evidence of possession.

The court below was of the opinion that 'from a practical standpoint the grazing of stock in this country has no value as evidence of practical location.'

In view of the fact that all, or nearly all, of the testimony respecting possession is given by witnesses who are descended from Lucero, or connected with his family, or are interested in the litigation, and the possession relied upon is not shown to have been exclusive or inconsistent with the use of this vast tract as a pasturage common to all the dwellers in that neighborhood, we think the court did not err in refusing to give it weight as evidence of title.'

" 'These remarks apply with great force to this case, so far as the evidence herein goes to show actual possession by reason of the pasturing of stock, which is really all the evidence of possession the case affords. It is entirely lacking in evidence of an exclusive possession under a claim of right, and the testimony is consistent with a mere occupancy of but a small portion of the land by Baca and his servants for purposes of pasturage and without claim of further or exclusive right or title.' "

It further appears that in the period during which the plaintiff contends that his title was being acquired the defendant company leased portions of the land in controversy to various individuals and organizations including the plaintiff himself.

Such in substance is the evidence upon which the plaintiff's title by adverse possession is based.

The elements necessary to establish title by adverse possession are considered by the Supreme Court in Ward v. Cochran, 150 U. S. 597, 606, where the following language was used:

"In French v. Pearce, 8 Connecticut, 439, 440, it was said that 'it is the fact of exclusive occupancy, using and enjoying the land as his own, in hostility to the true owner, for the full statutory period, which enables the occupant to acquire an absolute right to the land.

"In Sparrow v. Hovey, 44 Michigan 63, a refusal of the court to charge that, when the title is claimed by an adverse possession, it should appear that the possession had been 'actual, continued, visible, notorious, distinct, and hostile,' but merely charging the jury that the possession 'must be actual, continued, and visible,' was held erroneous. In Pennsylvania, it has been repeatedly held that, to give

a title under the statute of limitations, the possession must be 'actual, visible, exclusive, notorious and uninterrupted.' Johnston v. Irwin, 3 S. &. R. 291; Mercer v. Watson, 1 Watts 330, 338; Overfield v. Christy, 7 S. & R. 173.

"In Jackson v. Berner, 48 Illinois 203, it was held that an adverse possession sufficient to defeat the legal title, where there is no paper title, must be hostile in its inception, and is not to be made out by inference, but by clear and positive proof; and further, that the possession must be such as to show clearly that the party claims the land as his own, openly and exclusively.

"In Foulk v. Bond, 12 Vroom, (41 N. J. Law) 527, 545, it was said: 'The principles on which the doctrine of title by adverse possession rests are well settled. The possession must be actual and exclusive, adverse and hostile, visible and notorious, continued and uninterrupted.'

"It was held in Cook v. Babcock, 11 Cush. 206, 209, that 'When a party claims by a disseizin ripened into a good title by the lapse of time as against the legal owner, he must show an actual, open, exclusive and adverse possession of the land. All these elements are essential to be proved, and failure to establish any one of them is fatal to the validity of the claim.'

"In Armstrong v. Morrill, 14 Wall. 120, 145, this court, speaking through Mr. Justice Clifford, said: 'It is well settled law that the possession in order that it may bar the recovery, must be continuous and uninterrupted as well as open, notorious, actual, exclusive and adverse. Such a possession, it is conceded, if continued without interruption for the whole period which is prescribed by the statute for the enforcement of the right of entry, is evidence of a fee, and bars the right of recovery. Independently of positive statute law, such a possession affords a presumption that all the claimants to the land acquiesce in the claim so evidenced.' Hogan v. Kurtz, 94 U. S. 773, is to the same effect. * * * *

"Tested by these definitions, it is obvious that if the title relied on in this case, by the defendant below, was fully described and characterized by the special verdict,

Jenkins v. Grant Company, et al.

it was defective in two very essential particulars, in that it was not found to have been actual and exclusive. A possession not actual, but constructive; not exclusive, but in participation with the owner or others, falls very far short of that kind of adverse possession which deprives the true owner of his title."

We therefore hold in accordance with these and other authorities, too numerous to cite, that to constitute adverse possession the occupancy of one so claiming must be (1) actual, (2) visible, (3) exclusive, (4) hostile, and (5) continuous. If any one of these elements is lacking no title by adverse possession can ripen. At least three were lacking in the case at bar.

The possession of all but a relatively insignificant part of this large area was constructive and not actual and such constructive possession was ineffectual against the true owner.

" 'It is this instruction of which the defendants complain. But we think it was correct. It was in accordance with the doctrine asserted in Clark's Lessee v. Courtney, 5 Pet. 319, and generally recognized. It is true that when a person enters upon unoccupied land, under a deed or title, and holds adversely, his possession is construed to be co-extensive with his deed or title, and the true owner will be deemed to be disseized to the extent of the boundaries described in that title. Still, his possession beyond the limits of his actual occupancy is only constructive. If the true owner be at the same time in actual possession of part of the land, claiming title to the whole, he has the constructive possession of all the land not in the actual possession of the intruder, and this, though the owner's actual posession is not within the limits of the defective title. The reason is plain. Both parties can not be seized at the same time of the same land under different titles. The law, therefore, adjudges, the seisin of all that is not in the actual occupancy of the adverse party to him who has the better title.' These distinctions are clearly shown in the cases. One who enters upon the land of another, though under color of title, gives no notice to that other of any claim, except to the extent of

his actual occupancy. The true owner may not know the extent of the defective title asserted against him, and if while he is in actual possession of part of the land, claiming title to the whole, mere constructive possession of another, of which he has no notice, can oust him from that part of which he is not in actual possession, a good title is no better than one which is a mere pretense. Such, we think is not the law. When the owner of the Basquez title entered upon the tract, took actual possession of a part. by his tenant, and retained it, claiming the whole, the law gave to that owner the constructive possession of all that was not in the actual adverse possession or occupancy of another." Hunnicutt v. Peyton, 102 U. S. 368.

The possession was not exclusive. It appears that various other persons were in possession of portions of the land in controversy while the plaintiff's title was alleged to have been ripening.

The possession was not hostile. The defendant company, through its officers and agents frequently exercised acts of ownership over the property. It is at least doubtful whether any one of the five necessary elements was present. Certainly the three we have mentioned were not.

The remaining exceptions, relate (1) to the conclusions of law and (2) to the admission of certain testimony. In neither instance do we regard the exceptions as well taken. The judgment will be affirmed.