## FLORES et al. v. BRUESSELBACH.

### No. 3075.

Circuit Court of Appeals, Tenth Circuit.

May 4, 1945.

Charles H. Allen, of Alamosa, Colo. (M. C. Pacheco, of Santa Fe, N. M., on the brief), for appellants.

J. O. Seth, of Santa Fe, N. M. (Seth & Montgomery, of Santa Fe, N.M., on the brief), for appellee.

Before PHILLIPS, HUXMAN, and MURRAH, Circuit Judges.

PHILLIPS, Circuit Judge.

Bruesselbach, as trustee under the last will and testament of William Kinderman, deceased, brought this action against the individual appellants to quiet the title to a portion of the Tierra Amarilla Grant, situated in Rio Arriba County, New Mexico. The individual appellants and Corporacion de Abiquiu, Merced de Tierra Amarilla, a corporation organized under the laws of New Mexico, filed a cross-

complaint in which they prayed that the title be quieted in them.

The decree below quieted the title in Bruesselbach, as trustee.

■ Acting pursuant to the Act of Congress, approved July 22, 1854, 10 Stat. 308, the Surveyor-General of New Mexico recommended the confirmation of the Tierra Amarilla Grant to Francisco Martinez. The Grant was approved and confirmed to Francisco Martinez as Private Land Claim No. 3 by the Act of Congress, approved June 21, 1860, 12 Stat. 71. Congress thereby conclusively confirmed the title to the Grant in Francisco Martinez as a private land grant and its action is final and not subject to judicial review.[1] A patent for the Grant was duly issued to Francisco Martinez, February 21, 1881. It was duly recorded in the office of the county clerk of Rio Arriba County, New Mexico, October 9, 1901.

The evidence below established that title to the tract of land described in the complaint passed from Francisco Martinez, the patentee, by mesne conveyances, to William Kinderman; that Kinderman died March 1, 1941, leaving a last will and testament; that such will was duly probated and that such land passed, under the will, to Bruesselbach, as trustee.

■ The trial court found that Bruesselbach, as trustee, and his predecessors in title had been in quiet and peaceful possession of such land through tenants and grazing lessees for more than twenty years. That finding is supported by substantial evidence and is not clearly erroneous. It is, therefore, binding on this court.[2]

■ The individual appellants claim through the appellant corporation. It was not created until September 18, 1937. The appellants claim title by adverse possession under § 27-120, N.M.Stat.Anno.1941. Before title can ripen under the provisions of that section, three elements must be presented: (1) Actual, visible, exclusive, hostile, and continuous possession; (2) under color of title; (3) for a period of ten years.[3] Appellants wholly failed to establish any one of these three essential requirements.

■ Finally, appellants assert a claim of title predicated on the theory that the Grant was a community grant and that they are the successors to the original Mexican Community. That contention was foreclosed by the conclusive effect of the Act of Congress in confirming the Grant as a private land grant in Francisco Martinez.

The judgment is affirmed.

---

[1] Yeast v. Pru, D.C.N.M., 292 F. 598, 605; Tameling v. United States Freehold & Emigration Co., 93 U.S. 644, 662, 23 L.Ed. 998; Astiazaran v. Santa Rita Land & Mining Co., 148 U.S. 80, 82, 13 S.Ct. 457, 37 L.Ed. 376; Reilly v. Shipman, 8 Cir., 266 F. 852, 859; H. N. D. Land Co. v. Suazo, 44 N.M. 547, 105 P. 2d 744, 746, 747, 748.

[2] Rules of Civil Procedure for the District Courts of the United States, Rule 52(a), 28 U.S.C.A. following section 723c; McCarthy v. Wynne, 10 Cir., 126 F.2d 620, 623.

[3] See Jenkins v. Maxwell Land Grant Co., 15 N.M. 281, 107 P. 739, 741; Montoya v. Catron, 22 N.M. 570, 166 P. 909; First Nat. Bank of Albuquerque v. Town of Tome, 23 N.M. 255, 167 P. 733, 739; Merrifield v. Buckner, 41 N.M. 442, 70 P.2d 896, 899, 900.