237 P.2d 100

**RENEHAN v. LOBATO et al.**

**No. 5412.**

Supreme Court of New Mexico.

Nov. 1, 1951.

R. P. Fullerton, Santa Fe, for appellants.

Watson, McIntosh & Watson, Santa Fe, for appellee.

McGHEE, Justice.

The appellants seek the reversal of a decree quieting title in the appellee in a 25-acre tract of land in Santa Fe, and denying their claim to an undivided one-half interest therein.

The trial court made the following findings of fact:

"1. That on September 14, 1905, Brigida Lovato, Leandro Lovato, Apolonio Lovato and Ramon Lovato conveyed an undivided ½ interest in a larger tract of land including the 25-acre tract described in the Complaint and in Defendants' Lovato Answer herein to Mariano F. Sena and A. B. Renehan, and that said conveyance was duly recorded with the Clerk of Santa Fe County and appears on page 66 in the Abstract, Plaintiff's Exhibit 1.

"2. That thereafter and pursuant to the terms of said conveyance said A. B. Renehan, a practicing attorney in Santa Fe County, New Mexico, did appear in Cause No. 4545 on behalf of said Lovatos and Cause No. 4926 in their behalf and as plaintiff, and likewise in Cause No. 6544, all of the District Court of Santa Fe County, New Mexico, and all involving said land and real estate and that said causes were later consolidated into Cause No. 20496, District Court of Santa Fe County, New Mexico.

"3. That on August 29, 1911, Leandro Lovato and Lorenza Rael de Lovato, his wife, did convey unto A. B. Renehan for a valuable consideration an undivided ½ interest in the 25-acre tract described in defendants' Lovato Answer and involved in the present action, and more fully set forth in the decree filed herein, and that said deed was duly recorded with the Clerk of Santa Fe County and appears in the abstract, plaintiff's Exhibit 1, at page 109.

"4. That by the conveyance of 1905 above described and by the conveyance of 1911 above described, Leandro Lovato and his wife did convey all of their right, title and interest in and to the 25-acre tract described in defendants' Lovato Answer and the Decree herein.

"5. That by deed dated the 17th day of April, 1919, Mariano F. Sena did convey all of his right, title and interest in said 25-acre tract to A. B. Renehan and that said deed was duly recorded with the Clerk of Santa Fe County, New Mexico, and appears in the supplemental abstract, plaintiff's Exhibit 9.

"6. That on December 26, 1924, a final Decree was entered in said consolidated causes 20496, District Court of Santa Fe County, whereby this Court found A. B. Renehan to be the owner in fee simple of the 25-acre tract substantially as described in defendants' Lovato Answer and the Decree filed herein.

"7. That the following named defendants are all heirs of Leandro Lovato, to-wit: Guadalupe Lobato de Gonzales, Apolonio Lobato, Ramona Lobato Duran, sometimes known as Roman Lobato Duran, Moises Lobato, Lugarda Lobato Sparr, Leandro Lobato, sometimes known as Leandro Lobato, Jr., Francisco Lobato, Getrudis Lobato, sometimes known as Gertrudis Lobato, Solomon Lobato, Antonia Lobato Chapman, sometimes known as Lobato Chapman, George L. Miller, Charles L. Miller, Filiberto Miller, sometimes known as Filberto Miller, Anita Miller Romero, Francisca Miller Sandoval, Augustin Rodriguez, Jacobo Rodriguez and have no interest in the said 25-acre tract other than by inheritance from their ancestor, Leandro Lovato.

"8. That the plaintiff did submit proof of a separate and independent title to said

25-acre tract by virtue of a conveyance to her husband A. B. Renehan, from T. D. Burns dated May 4, 1910, the description of which covers this property, and that plaintiff's Exhibit 7 presents a good chain of title to the tract involved herein from February 2, 1852 to August 2, 1929.

"9. That upon the death of A. B. Renehan, the plaintiff in this action, Marietta P. Renehan, the residuary devisee under his will, did obtain all of his right, title and interest in and to the land involved herein.

"10. That for a period of 10 years and more after the Decree in Cause No. 20496, District Court of Santa Fe County, A. B. Renehan and his successor, the plaintiff herein, did have possession continuously and in good faith under color of title and no claim by suit in law or equity was effectually prosecuted nor set up nor made to said 25-acre tract described in defendants' Lovato Answer and the Decree filed herein.

"11. That said A. B. Renehan and his successor, the plaintiff herein, did for a 10 year period and longer, after the entry of said Decree in Cause No. 20496 on the 26th day of November, 1924, continuously pay all of the taxes, state, county and municipal, which during that period had been assessed against the said 25-acre tract described in defendants' Lovato Answer and more fully described in the decree filed herein.

"12. That on the —— day of ——————, 1950, plaintiff did enter into an agreement with the United States Soil Conservation Service providing for the erection of a fence around the property involved herein and other property and agreeing to certain erosion control practices and agreeing to pay expenses of erosion control work to be done by the Government and that pursuant to said agreement the property involved herein, together with a tract lying to the south and west of this tract and then claimed by the plaintiff, and together with the so-called Prince-Thornton tract to the north, was enclosed by a fence.

"13. That at various times plaintiff did attempt to sell all of the land involved in the said 25-acre tract and did on the 15th day of November, 1945, sell and convey a one-acre tract approximately in the middle thereof to one Gregorio Lovato, and said Gregorio Lovato did shortly thereafter construct a house on said tract and now resides thereon."

The trial court then concluded that as against named defendants (including appellants) the plaintiff was the owner in fee simple of the described property and entitled to a decree quieting such title against them.

 The appellee makes a strong attack, fortified by decisions of this court, on the manner in which the appellants have presented their assignments of error and the

points relied upon by them for a reversal, and says that by reason thereof we should not consider the claimed errors and the argument of the appellants. As an alternative, appellee says the findings of fact made by the trial court must stand for the reason the appellants do not say they are not supported by substantial evidence, nor do they set out the substance of all of the evidence relating thereto. It must be admitted the findings do support the judgment, and it has long been the rule that unless overturned here the findings made by the trial court are accepted by us. See Bounds v. Carner, 53 N.M. 234, 205 P.2d 216, and cases therein cited. See also Desmet v. Sublett, 54 N.M. 355, 225 P.2d 141.

The appellants make a strong argument that the trial court should not have made the crucial findings of fact made by it, and they cite or quote considerable of the evidence in support thereof. It is not enough, however, to show there would have been evidence to support the findings had they been made the other way. An appellant who would have a finding set aside must show there is no substantial evidence to support it. This the appellants have failed to do. The decree must, therefore, be affirmed.

It Is So Ordered.

LUJAN, C. J., and COMPTON and COORS, JJ., concur.

SADLER, J., not participating.