494 P.2d 968

E. R. COOPER et al., Plaintiffs-Appellees,

v.

Thomas BURROWS et al., Defendants-Appellants.

No. 9360.

Supreme Court of New Mexico.

March 10, 1972.

Roberto L. Armijo, Las Vegas, for appellants.

H. E. Blattman, Las Vegas, for appellees.

## OPINION

McMANUS, Justice.

This case arose when E. R. Cooper and Doris E. Cooper, plaintiffs-appellees, filed suit to quiet title to a large tract of land in Mora County, New Mexico. The tract had initially been part of the Mora Land Grant. The patent on the land grant was issued in 1876 and established the general boundaries as north on the Ocate River, south where the Sapello empties, east on the Aguaje de la Yegua, and on the west the Estillero.

In March, 1877, one Stephen B. Elkins, holder of a number of undivided interests in the Grant, brought suit in the District Court of Mora County, in cause No. 632, asking for a partition of the Grant among the owners. William E. Gortner was appointed special master in the cause and he submitted his first report, covering ownership of the interests, in 1894. In 1912, Elkins died and Union Land & Grazing Company was substituted as plaintiff since that company was Elkins' successor in interest and title. In 1914, Gortner submitted a second report which was quite extensive and voluminous. It was this report upon which the trial court in the partition suit based its final decree. On March 16, 1916, a partition sale was held by Gortner upon order of the court and Edward B. Wheeler received title to the land in question under a Master's deed. In 1917, Wheeler quitclaimed the disputed tract of land to Union Land & Grazing Company. The description reads:

"All that portion of the tract of land commonly known as the Mora Grant lying south of the 5th correction line north, and being all the right, title and interest of the first parties acquired under or by virtue of a certain Master's Deed executed and delivered under and by virtue of the decree in the District Court * * *."

In 1950, Union Land & Grazing Company quitclaimed the section of land now in dispute to E. R. Cooper. This tract was bordered on the west by the Mora Land Grant line, on the south by C. R. Walker and R. C. Kay, on the west by G. R. Linville, and on the north by the Rio de la Casa.

There probably would have been no question as to the correct state of the title if the trustees of the community of Cleveland had not intervened in the original partition suit on December 18, 1916. The intervention occurred after the special master's sale deeding the tract to Wheeler but before Wheeler quitclaimed to Union Land & Grazing Company. In 1918, the court declared the trustees to be the owners of several tracts of land but excepted the tracts owned by Wheeler. This exception included the tract now in dispute.

In 1969, appellees filed their quiet title suit involving the land above described. After hearing the evidence, the trial court found for the appellees. The defendants-appellants, Thomas Burrows and Fidencia Branch, appeal from that judgment.

Both the Burrows and Fidencia Branch are claiming under the Cleveland title. We will discuss the Branch claim at the outset. The Branch claim is based on a 1919 deed from the community of Cleveland to one Fidel G. Trujillo. This was a deed covering a tract of land 75 varas in width and bounded on the south by the Rio de la Casa. Fidel Trujillo purported to deed this land to Pablita Trujillo in 1926. The

description, however, referred to the south boundary as being the Pecos Forest Reserve line. Pablita deeded the same land to Frutoso Archuleta and Emelia Archuleta. These deeds contained the same reference to the south boundary as being the forest reserve line. One Joe Archuleta deeded the same property to Eloy Branch, deceased husband of appellant Fidencia Branch. There is no evidence as to who Joe Archuleta was, a relative or otherwise, consequently there is a break in the chain of title. The later deeds conveyed property south of Rio de la Casa, even though the early deeds conveyed only property north of the river. The Cooper land lies south of the Rio.

As to the Burrows claim, the same confusion prevails. In 1920, the Cleveland trustees conveyed a tract of land 100 varas in width and bordered on the south by the Rio de la Casa to Alejandro Branch. In 1944, Alejandro conveyed this tract along with certain others to Cecil R. Walker. After several mortgage suits, quiet title suits, etc., Amy Walker, wife of Cecil Walker, deeded the land to R. W. Pittman and Thomas Burrows, and their spouses. In 1961, Pittman conveyed his interest to appellants Burrows.

The title was relatively clear until Mrs. Walker brought a quiet title suit in 1960. The decree in that suit gave Mrs. Walker title to the section of land now in issue. That suit did not specifically name either the Union Land & Grazing Company or Cooper. It did name Wheeler but his interest in the lands had long since been eliminated. A second quiet title suit in 1965 also decreed the same land to Mrs. Walker and also failed to name either Union Land & Grazing Company or Cooper.

As previously discussed, the judgment of the court in the Cleveland intervention of 1916 excepted the lands belonging to Edward B. Wheeler. This decree is not to be construed as quieting title to those excepted lands in Wheeler, as claimed by the appellants, but rather the exception in the decree is nothing more than an acknowledgment that certain lands belong to a party other than the Community of Cleveland. The lands excepted had been properly deeded to Wheeler at the special master's sale in early 1916. Wheeler took clear title at that time and consequently Cooper's chain of title is complete back to the patent. The trial court so found this to be the case and since there is substantial evidence to support the findings, i.e., testimony of the abstractor as to the general knowledge that this was Cooper land and testimony to the effect that appellants had attempted to purchase the disputed portions of the tract from the appellees, the judgment must stand affirmed. It has long been established that this Court will not disturb the findings, weigh the evidence, resolve conflicts, or substitute its judgment as to the credibility of the witnesses where the evidence substantially supports the findings of fact and conclusions of law of the trial court. See Sanchez v. Garcia, 72 N.M. 406, 384 P.2d 681 (1963). See also, Edmonds v. Gomez, 63 N.M. 378, 320 P.2d 735 (1958) and Renehan v. Lobato, 55 N.M. 532, 237 P.2d 100 (1951).

The judgment of the trial court is affirmed.

It is so ordered.

COMPTON, C. J., and STEPHENSON, J., concur.