587 P.2d 430

**W. D. BAKER and Lois M. Barnes, Plaintiffs-Appellees,**

**v.**

**Marguerite BENEDICT, Jasper O. Bliss and Bertha Bliss, his wife, Raymond Kelly, Lewis Kelly, a/k/a Louis Kelly, Willie Kelly, Jr., a/k/a Willie Kelly, a/k/a Willie Kelley, Willie Kelly, Sr., Pat E. Kelly, The following named defendants by name if living, if Deceased, their unknown heirs, Candida K. Anaya, et al., Defendants-Appellants.**

No. 11958.

Supreme Court of New Mexico.

Nov. 17, 1978.

Rehearing Denied Dec. 13, 1978.

284

J. Wayne Woodbury, Silver City, for defendants-appellants.

John W. Reynolds, Silver City, for plaintiffs-appellees.

## OPINION

PAYNE, Justice.

Baker and Barnes brought suit to quiet title to twenty-two acres of land in Catron County against appellants Lewis Kelly, Willie Kelly, Jr., and Willie Kelly, Sr. The trial court found for Baker and Barnes. Appellants allege that the trial court erred in quieting title in Baker and Barnes for three reasons: (1) Baker and Barnes or their predecessors in interest failed to take possession of the property at anytime; (2) Baker and Barnes delayed in bringing this action; and (3) the 1952 judgment quieting title to this property in Baker and Barnes' predecessor in interest was invalid. We affirm.

Most of the facts in this case are undisputed. Pat E. Kelly, predecessor in interest to Baker and Barnes, obtained various quitclaim deeds and disclaimers to the property from appellants and other heirs of Patricia Kelly and Felicita F. Kelly. In 1952 Pat E. Kelly brought a quiet title action with respect to this property. Title was quieted in him on November 12, 1952. At no time was Pat E. Kelly in possession of the property.

Appellants Willie Kelly, Jr., Willie Kelly, Sr. and Lewis Kelly have been in actual physical possession of this property for a continuous period of at least forty-six years, including the entire period since entry of the 1952 judgment. During that time they have made approximately $35,000 in improvements. Appellants concede that since entry of the 1952 judgment they have never had color of title to or paid taxes on the property. Baker and Barnes and their predecessors in interest have paid the taxes on this property since 1952, although they have not been in actual physical possession of the property.

The first issue raised by appellants is whether a plaintiff in a quiet title action may prevail notwithstanding the fact that he has never been in actual physical possession of the subject property. Appellants contend that the plaintiff in a quiet title

action must not only hold the property under color of title and pay property taxes, but must also be in actual possession of the property for a period of at least ten years' prior to the institution of the action.

Section 22–14–1, N.M.S.A.1953 specifically provides that an action to quiet title may be brought by one "whether in or out of possession." *See Caranta v. Pioneer Home Improvements, Inc.,* 81 N.M. 393, 396, 467 P.2d 719, 722 (1970). Appellants contend, however, that §§ 23–1–21 and 23–1–22, N.M.S.A.1953 (Supp.1975) require a different result.

Section 23–1–21 provides:

In all cases where any person . . . shall have had possession for ten [10] years of any lands, . . . holding or claiming the same by virtue of a deed or deeds of conveyance, devise, grant or other assurance purporting to convey an estate in fee simple, and no claim by suit in law or equity effectually prosecuted shall have been set up or made to the said lands, . . . within the aforesaid time of ten [10] years, then and in that case, the person . . . so holding possession as aforesaid, shall be entitled to keep and hold in possession such quantity of lands, . . . in preference to all, and against all, and all manner of person or persons whatsoever; and any person . . . who shall neglect or who have neglected for the said term of ten [10] years, to avail themselves of the benefit of any title, . . . within this state, by suit of law or equity effectually prosecuted against the person or persons so as aforesaid in possession, shall be forever barred, and the person or persons . . . so holding or keeping possession as aforesaid for the term of ten [10] years, shall have a good and indefeasible title in fee simple to such lands. . . .

Section 23–1–22 provides:

In all cases where any person . . . shall have had adverse possession continuously and in good faith under color of title for ten [10] years of any lands . . . and no claim by suit in law or equity effectually prosecuted shall have been set up or made to the said lands, . . . within the aforesaid time of ten [10] years, then and in that case, the person . . . so holding adverse possession as aforesaid, shall be entitled to keep and hold in possession such quantity of lands as shall be specified and described in some writing purporting to give color of title to such adverse occupant, in preference to all, . . . and any person or persons, . . . who shall neglect or who have neglected for the said term of ten [10] years, to avail themselves of the benefit of any title, legal or equitable, which he . . . may have to any lands . . . within this state, by suit of law or equity effectually prosecuted against the person or persons so as aforesaid in adverse possession, shall be forever barred, and the person . . . so holding or keeping possession as aforesaid for the term of ten [10] years shall have a good and indefeasible title in fee simple to such lands. . . . "Adverse possession" is defined to be an actual and visible appropriation of land, commenced and continued under a color of title and claim of right inconsistent with and hostile to the claim of another; . . . and Provided further in no case must "adverse possession" be considered established within the meaning of the law, unless the party claiming adverse possession, his predecessors or grantors, have for the period mentioned in this section continuously paid all the taxes . . . which during that period have been assessed against the property.

■ Appellants' reliance on these two sections is misplaced. Section 23–1–22 provides for acquiring title by adverse possession and specifically requires that the party relying on adverse possession have color of title to and have paid taxes on the property for the statutory period. Appellants have done neither. While this section purports to bar the claims of those who for ten years have taken no action to avail themselves of the benefit of their title, it does so only as against those who are in adverse possession. Therefore, § 23–1–22 does not support appellants' position.

■ Section 23–1–21 is no more helpful to appellants. This section is similar to § 23–1–22, except that it applies to land grants and does not require that the party relying on it have paid taxes on the property for the statutory period of ten years. Both §§ 23–1–21 and 23–1–22 require that the party in possession have color of title, and both sections bar the claims of others only if the party in possession meets the criteria of the statutes. Since appellants have no color of title, §§ 23–1–21 and 23–1–22 do not require Baker and Barnes to be in physical possession of the property in order to prevail in a quiet title action.

■ Appellants properly contend that a plaintiff in a quiet title action must recover on the strength of his own title and cannot rely on any weaknesses in a defendant's title. *Jackson v. Hartley*, 90 N.M. 428, 564 P.2d 992 (1977). This principle does not dictate a different result in the present case. Baker and Barnes established their claim to title to the property by deed and by payment of taxes thereon. It then became incumbent upon appellants to show a weakness in the title of Baker and Barnes to prevent title from being quieted in them. They sought to do this by attempting to prove superior title in themselves under §§ 23–1–21 and 23–1–22. Their reliance was misplaced. Baker and Barnes prevailed in the trial court on the strength of their title, and not on the basis of any weakness in appellants' claim of title.

■ Appellants' second contention is that the trial court erred in finding that their claim, rather than that of Baker and Barnes, is barred by the doctrine of laches. The elements that must be proved to establish laches are: (1) Conduct on the part of the defendant, giving rise to the situation of which complaint is made and for which the complainant seeks a remedy; (2) delay in asserting the complainant's rights, the complainant having had knowledge or notice of the defendant's conduct and having been afforded an opportunity to institute a suit; (3) lack of knowledge or notice on the part of the defendant that the complainant would assert the right on which he bases his

suit; and (4) injury or prejudice to the defendant in the event relief is accorded to the complainant or the suit is not held to be barred. *Cave v. Cave*, 81 N.M. 797, 474 P.2d 480 (1970).

Appellants point out that Baker and Barnes and their predecessors in interest had an immediate right to possession of the property upon entry of the quiet title decree in 1952, but they took no legal action until bringing this suit in 1973. During the twenty-one year interval Baker and Barnes knew that appellants were in possession of the property and had made improvements on it. Appellants contend that they were unaware that any action would be taken by Baker and Barnes to recover possession.

■ The trial court found that appellants have had personal knowledge since the 1952 quiet title decree that they were divested of their right, title and interest in the property by virtue of quitclaim deeds, disclaimers and the 1952 final decree, but they took no action for twenty-six years. There is substantial evidence to support this finding. There is also evidence that one of the predecessors in interest of Baker and Barnes informed appellants that he claimed title to the property and threatened to evict them. Therefore, the third element of laches is missing.

In *Thomas v. Pigman*, 77 N.M. 521, 424 P.2d 799 (1967), this Court held that the doctrine of laches would not bar plaintiffs' action to quiet title to certain property which was within a fence line erected by defendants' predecessor in interest fifty years earlier, despite the fact that plaintiffs had taken no action to correct the boundary line. The Court recognized that lapse of time alone does not necessarily constitute an unreasonable delay; it must appear that the delay worked to the injury of another. The Court noted that where there was a well-known boundary, the location of which was not in dispute, defendants were not injured by plaintiffs' delay in asserting their rights.

Likewise, in this case we cannot say that appellants were injured by the delay of

Baker and Barnes in bringing this action when they knew that they had been divested of title, had notice that others claimed title to the property, and had never paid taxes on the property. Although appellants did make improvements on the property, they did so at a time when they were fully aware of the risk involved. There is substantial evidence to support the trial court's refusal to find that the claim of Baker and Barnes was barred by laches.

The third contention of appellants is that the trial court erred in holding that appellants failed to prove that the 1952 decree was invalid because it was based on fraud.

Appellants testified that the quitclaim deeds to Pat E. Kelly, upon which the 1952 decree was based, were forgeries. Baker and Barnes offered the testimony of three notary publics, who notarized the deeds, that they never had notarized any document unless they saw the person sign it in their presence. As appellants concede, the evidence is conflicting. The testimony of the notary publics was clearly sufficient to support the trial court's finding. This Court will not disturb such findings, weigh the evidence, resolve conflicts or pass on the credibility of witnesses where the evidence substantially supports the findings made by the trial court. *First National Bank of Santa Fe v. Wood*, 86 N.M. 165, 521 P.2d 127 (1974); *Cooper v. Burrows*, 83 N.M. 555, 494 P.2d 968 (1972).

The judgment of the trial court is affirmed.

IT IS SO ORDERED.

McMANUS, C. J., and FEDERICI, J., concur.