634 P.2d 689

**Johnny VIGIL, Plaintiff-Appellant,**

v.

**Jim RUSH and Sam Rush, Individually and d/b/a Rush Construction Company, Defendants-Appellees.**

**No. 13464.**

Supreme Court of New Mexico.

Oct. 5, 1981.

George M. Scarborough, Espanola, for plaintiff-appellant.

Roy G. Hill, Deming, for defendants-appellees.

## OPINION

TIBO J. CHAVEZ, District Judge.

Johnny Vigil, appellant, sought declaratory relief absolving him of liability for the loss of an insulation blower owned by Sam and Jim Rush. The trial court found: (1) Sam and Jim Rush bailed the insulation blower to Vigil, and (2) Vigil, as bailee, expressly accepted responsibility for the loss of the item. We affirm.

The sole issue presented to us is whether there is substantial evidence to support the trial court's finding that Vigil had expressly agreed to be responsible for the loss of the insulation blower.

Vigil had entered into a verbal agreement with Sam and Jim Rush for the use of an insulation blower. Vigil hired the equipment with an option to purchase. The equipment was delivered to Vigil and was subsequently destroyed by fire through no fault of Vigil.

The general rule of law is that the bailee is not an insurer of goods bailed to him unless a statute or an express contract states otherwise. *United States v. Seaboard Machinery Corporation*, 270 F.2d 817 (5th Cir.1959), *cert. denied*, 362 U.S. 941, 80 S.Ct. 806, 4 L.Ed.2d 770 (1960); Annot., 28 A.L.R.3d 513 (1969); 8 Am.Jur.2d *Bailments* § 215 (1980).

At trial, Sam Rush said:

Q: Okay. Did you have any conversation about any possible damage or destruction of the machine?

A: Johnny asked me, if something should happen, what does it cost me? And, I told him that the entire unit as it sat with the trailer and the equipment was $8500.00.

It is for the trier of fact, not us, to determine the credibility of Sam Rush's testimony *Baker v. Benedict*, 92 N.M. 283, 587 P.2d 430 (1978); *Durrett v. Petritsis*, 82 N.M. 1, 474 P.2d 487 (1970).

The trial court accepted Sam Rush's testimony as true. We conclude that this testimony established an express contract in which Johnny Vigil would pay for the loss of the insulation blower.

The trial court accepted Sam Rush's testimony as true. We conclude that this testimony clearly established that Vigil would pay for the loss of the insulation blower. We agree that this is substantial evidence which a reasonable mind would accept as adequate to support the trial court's conclu-

**668**

sion. *Moorhead v. Gray Ranch Co.*, 90 N.M. 220, 561 P.2d 493 (Ct.App.), *cert. denied*, 90 N.M. 254, 561 P.2d 1347 (1977).

The judgment of the trial court is affirmed.

IT IS SO ORDERED.

SOSA, Senior Justice, and FEDERICI, J., concur.