In re Lee Curtis CUNNINGHAM and Jimmie Gereata Cunningham, Debtors.

Allan ABBOTT, Plaintiff,

v.

Lee Curtis CUNNINGHAM, Jimmie Gereata Cunningham, Steve Mazer, trustee in bankruptcy, Albuquerque National Bank, CIT Corporation, Condor Leasing Corporation, Mergenthaler Linotype Company, Ozalid Corporation, Tele Hi-Fi Company, and World Wide Lease, Defendants.

Bankruptcy No. 82–00674 M A.
Adv. No. 82–0682 M.

United States Bankruptcy Court,
D. New Mexico.

Sept. 19, 1983.

Mark J. Riley, Albuquerque, for plaintiff.

Louis Vener, Albuquerque, N.M., for debtors.

Steve H. Mazer, Albuquerque, N.M., for defendant Trustee.

Ruth M. Schifani, Albuquerque, N.M., for defendant Albuquerque Nat. Bank.

William J. Arland, III, Albuquerque, N.M., for defendant Condor Leasing.

## MEMORANDUM OPINION

MARK B. McFEELEY, Bankruptcy Judge.

This matter came before the Court on December 14, 1982, for a hearing on plaintiff's Request for Relief from Automatic Stay and Other Remedies. The Court has previously ruled on the other counts but reserved ruling on the plaintiff's claims involving unjust enrichment.

The facts are as follows. Defendant debtor Cunningham and plaintiff maintained a month-to-month lease on property. The debtor stayed current in rent payments until July 1, 1982, and filed a petition in bankruptcy on July 9, 1982.

From that date, plaintiff was required to store numerous items of equipment on his premises. These items were claimed by other defendants (hereinafter referred to as secured creditors). After the filing of the petition in bankruptcy, the plaintiff was instructed not to remove the described items; that these items were to be stored on the premises. The plaintiff was unable to rent his office space while the secured creditors' property occupied the premises.

The plaintiff alleges that the equipment was uninsured and that he was unduly exposed to liability for the safety and protection of the secured creditors' property. He further alleges that his storage and safekeeping of the property unduly enriched the secured creditors and the estate to his detriment. He asserts that these circumstances created a bailment on the property of the secured creditors in his possession and requests the Court to find that he is entitled to a fee for the reasonable value of his services in protecting and storing the secured creditors' equipment.

The issue before this Court is whether a landlord is entitled to compensation for protection and storage of secured creditors' personal property while the creditors are prevented from collecting their property by the automatic stay provisions of the Bankruptcy Code. 11 U.S.C. § 362.

■ 1. The plaintiff alleges that he was exposed to increased liability as a consequence of the uninsured property stored on his premises. This claim for assuming liability is not recognized in New Mexico. "The general rule of law is that a bailee is not an insurer of goods bailed to him unless a statute or an express contract states otherwise." *Vigil v. Rush,* 96 N.M. 667, 634 P.2d 689 (1981). This rule precludes plaintiff from being compensated for the extra liability he assumed for protection of the personal property. He was only required to exercise reasonable care for the property while it was on his premises.

2. The plaintiff asserts that he is entitled to a fee for storage of the property of the secured creditors. He was unable to rent his space during the pendency of the automatic stay. The landlord became a bailee of the equipment solely by operation

288

of the stay provision of the Bankruptcy Code. The New Mexico Court of Appeals considered the question of what constitutes an involuntary bailee or constructive bailment of personal property in *Hertz Corporation v. Paloni,* 95 N.M. 212, 619 P.2d 1256 (N.M.Ct.App.1980). Paloni, the operator of a truck stop, came into the possession of a vehicle stolen from Hertz when it was abandoned on his premises. Paloni notified the Albuquerque Police Department when he discovered the vehicle, and then stored it. Nine months later, Paloni notified the Bernalillo County Sheriff's office, which found the vehicle on its stolen car list and notified Hertz.

Hertz sued Paloni in district court for damages arising from lost revenue and use of its vehicle. Hertz replevied the car from Paloni and dismissed its suit before Paloni could answer the complaint. Paloni was allowed to reopen the case. Hertz amended its complaint and prayed for damages from Paloni for unlawfully detaining the vehicle and depriving Hertz of its use. Paloni counterclaimed for storage charges. The trial court awarded summary judgment to Paloni for storage charges and dismissed Hertz' complaint with prejudice. The Court of Appeals reversed. It found that Paloni was an involuntary bailee and not entitled to storage fees either under New Mexico statutes or under common law.

The court stated that Paloni's claim for storage fees was based on common law:

A person who, in the absence of a mutual contract of bailment, lawfully acquires the possession of another's personal property is generally considered to be a constructive bailee. *Mack v. Davidson,* 55 App.Div.2d 1027, 391 N.Y.S.2d 497 (1977); *United States Fire Insurance Co. v. Paramount Fur Service, Inc.,* 168 Ohio St. 431, 156 N.E.2d 121 (1959). A constructive bailee is a person who acquires possession of another's property by mistake, accident or through force of circumstances under which the law imposes upon him the duties of a bailee. *Armored Car Service, Inc., v. First National Bank of Miami,* 114 So.2d 431 (Fla.App.1959); *Capezzaro v. Winfrey,* 153 N.J.Super. 267, 379

A.2d 493 (1977). Such bailment is ordinarily considered gratuitious, *Paramount Fur Service,* if there is no reasonable basis for implying an intent of mutual benefit. *Armored Car Service.*

*Hertz Corp. v. Paloni, supra.*

■ Abbott, under the facts of the case before this Court, is a constructive bailee. He came into the possession of the secured creditors' personal property neither unlawfully nor by mutual agreement, but through operation of law. The plaintiff is not entitled to storage fees by statute nor at common law.

This Court is bound to follow the New Mexico decision in *Hertz Corp. v. Paloni.* Accordingly, we find that there was a bailment of the secured creditors' personal property to the plaintiff, but this was a constructive bailment, for it arose out of operation of law. The plaintiff's services, therefore, were gratuitious. He has no cause of action for storage fees or for other services to the secured creditors' property. His request for such fees on the basis of unjust enrichment is denied.

This memorandum opinion shall constitute findings of fact and conclusions of law. Bankruptcy Rule 7052.