**UNITED STATES of America,
Plaintiff-Appellee,**

v.

**Dennis GARCIA and Eliza L. Garcia, individually and doing business as Den-Gar Enterprises, Defendants-Appellants.**

**No. 83–1141.**

United States Court of Appeals,
Tenth Circuit.

May 24, 1985.

Oliver Burton Cohen of Cohen & Aldridge, Albuquerque, N.M., for defendants-appellants.

Donald Hornstein, Washington, D.C. (William L. Lutz, U.S. Atty., and Raymond Hamilton, Asst. U.S. Atty., of Albuquerque, N.M., and Carol E. Dinkins, Asst. Atty. Gen., Martin W. Matzen and Claire L. McGuire, Dept. of Justice, Washington, D.C., on brief), of Department of Justice, Washington, D.C., for plaintiff-appellee.

Before BARRETT, LOGAN and SEYMOUR, Circuit Judges.

SEYMOUR, Circuit Judge.

The United States brought this action against Dennis Garcia to eject him from forty acres of land to which the Government claims title. Garcia counterclaimed to quiet title in himself through adverse possession. The district court held that Garcia had failed to prove all the elements necessary to establish title by adverse possession and entered judgment for the Government. We reverse and remand for further proceedings.

The relevant facts are briefly as follows. It is undisputed that the land at issue was part of the Juan Jose Lobato Land Grant. In 1930, after having the land surveyed, William Jackson instituted an action to quiet title in himself to the north half of this grant, consisting of over 67,000 acres. The subject forty acres was included in this action and Garcia's predecessor in interest, Lucero, was apparently a named defendant. Lucero had lived on the land since before 1908, however, and such settled holdings within this part of the Lobato Land Grant were supposed to have been excluded by the survey from the quiet title suit. *See, e.g.,* rec., vol. III, at 96–97. The district court found that the subject forty acres "obviously should not have been in-cluded in the quiet title suit." Rec., vol. IV, at 222. In 1931, shortly after the final decree in the quiet title suit, Lucero received a quitclaim deed to the forty acres from R.B. Odom, Lucero's son-in-law, who was a stranger to his chain of title. In 1942, Jackson conveyed title to the lands of the 1931 suit to the Government. In 1947, Lucero conveyed the land to Garcia.

At trial Garcia sought to establish title through adverse possession by virtue of Lucero's actual possession of the land under color of title for a ten year period between Lucero's receipt of the quitclaim deed [1] in 1931 and Jackson's conveyance to the Government in 1942. The district court found the evidence convincing that Lucero had actually been in possession during the relevant period under color of title. Rec., vol. IV, at 197. However, the court did not make a specific finding on this issue because it found insufficient proof that Lucero had paid taxes on the land during the relevant time. On this basis, the court concluded that Garcia had failed to establish title by adverse possession. On appeal Garcia contends that failure to prove payment of taxes does not always preclude establishing title by adverse possession under New Mexico law, citing the predecessor of N.M.Stat.Ann. § 37–1–21 (Supp.1981), and *Flores v. Bruesselbach,* 149 F.2d 616 (10th Cir.1945).

Section 37–1–21 provides the elements for establishing title by adverse possession to lands granted by the governments of Spain or Mexico. *See generally Montoya v. Unknown Heirs of Vigil,* 16 N.M. 349, 120 P. 676 (1912), *aff'd sub nom. Montoya v. Gonzales,* 232 U.S. 375, 34 S.Ct. 413, 58 L.Ed. 645 (1914).

"[T]his section was not intended to be a statute of limitation and repose merely, but was also intended to grant affirmative relief by way of conferring title upon the pioneer agricultural settlers as a reward of honest toil and diligence, indicat-

---

1. This deed conveyed the property by an adequate legal description and was therefore sufficient to confer color of title under New Mexico law. *See Thurmond v. Espalin,* 50 N.M. 109, 171 P.2d 325, 327 (1946).

ing good faith in the settlement and improvement of what was at that time a comparatively barren and sparsely settled section, as indeed the whole territory was at that time, for that matter."

*Montoya,* 120 P. at 686. Section 37–1–21 appears to apply to the land at issue here, which was part of the Lobato Grant made by the Spanish governor of New Mexico in 1744. Under the version of section 37–1–21 in effect during the relevant time in this case, 1931 to 1942, fee simple title was established by possession under color of title for ten years. *Id.* at 687–88; *see also Flores,* 149 F.2d at 617. Proof of payment of taxes was not then required.[2] *Baker v. Benedict,* 92 N.M. 283, 587 P.2d 430, 433 (1978); *Marquez v. Padilla,* 77 N.M. 620, 426 P.2d 593, 595 (1967).

Section 37–1–21 was amended in 1979 to provide that "the person or persons claiming possession, his predecessors or grantors of such lands ... shall have for the period mentioned in this section continuously paid all state, county and municipal taxes which during the ten-year period have been assessed against the property ...." However, as quoted above, the New Mexico Supreme Court clearly indicated in *Montoya* that the act grants affirmative relief by conferring fee simple title at the expiration of the ten-year period of adverse possession. The Act thus "provides an absolute limitation of the right to bring suit either in law or equity after the lapse of 10 years, as against those in possession within the terms of the statute." *Montoya,* 120 P. at 687. Accordingly, if Lucero satisfied the requirements of section 37–1–21 as it existed during the relevant period, he received fee simple title to the land at the end of that time and any suit to challenge his title was barred as soon as the ten-year period was satisfied. The subsequent amendment of section 37–1–21 would not affect his title.

The district judge indicated from the bench his belief that the equities strongly favored Garcia. As we noted above, the court further indicated there was convincing evidence that Lucero had been in actual possession under color of title for the required ten years. Because the court erroneously concluded that Garcia was required to prove that taxes had been paid, however, it did not specifically hold that the evidence of actual possession satisfied the requirements of section 37–1–21 as it existed from 1931 to 1942. Under these circumstances, we conclude that this case should be remanded to the district court to allow that court to consider the applicability of section 37–1–21 and to make appropriate findings.

The Government argues alternatively that in any event Garcia's claim to the property is barred by the terms of 28 U.S.C. § 2409a (1982). Section 2409a authorizes quiet title actions against the United States, but section 2409a(f) provides that a claimant seeking to adjudicate a disputed title to real property in which the United States claims an interest must commence his suit within twelve years of the date on which he knew or should have known of the claim of the United States. Because of its disposition of the adverse possession issue, the district court did not address the applicability of section 2409a(f) to these proceedings, and we are not able to resolve this issue on the state of this record.

Garcia allegedly first received actual notice of the Government's claim in 1973. Although the 1942 conveyance from Jackson to the Government was recorded, New Mexico maintains a grantor-grantee index to such records, see N.M.Stat.Ann. § 14–9–4 (1978), and does not appear to index conveyances against the tract. We have held that constructive notice by recordation does not begin the twelve year period of section 2409a(f) unless the claimant's failure to discover the Government's claim is unreasonable. *Amoco Production Co. v. United States,* 619 F.2d 1383, 1388 (10th Cir.1980). We believe this determination must be made in the first instance by the trial court. Accordingly, we remand to the district court to determine whether, if Gar-

2. *Compare* N.M.Stat.Ann. § 37–1–22 (1978), which governs adverse possession of property

not part of a land grant, and which does require proof that taxes were paid.

cia has established title pursuant to section 37–1–21, he is nonetheless barred because he was unreasonable in failing to discover the recorded 1942 conveyance in the grantor-grantee index.

Reversed and remanded for further proceedings.